# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND EDWARD CHESTNUT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-16-1368-R |
| ) | |
| JOHN FOX, FTC-OKC WARDEN, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner is a federal prisoner appearing pro se and in forma pauperis. Petitioner brings this action pursuant to 28 U.S.C. § 2241 and challenges the loss of good-time credit as a result of six disciplinary convictions. Petitioner claims he was denied due process in the course of the disciplinary proceedings. Petitioner is currently incarcerated at the United States Penitentiary (USP) Terre Haute in Terre Haute, Indiana. At the time the Petition was filed, however, Petitioner was temporarily incarcerated at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma. This matter has been referred by United States District Judge David L. Russell for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Petitioner's action be dismissed without prejudice.

## I. Factual Background

Petitioner alleges that he is currently serving a fifteen-year sentence as a result of his conviction in Case No. 4:05-cr-01044-RBH-1, United States District Court for the District of South Carolina (Florence Division). In this action, Petitioner does not challenge his conviction. Instead, as stated, he challenges the execution of his sentence due to the

loss of good-time credits in the course of multiple prison disciplinary proceedings.[1] Petitioner has brought similar challenges to other prison disciplinary proceedings in two other actions in this judicial district.[2]

## II.    Analysis

"A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence[.]"  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks and citation omitted). "A federal prisoner may use a § 2241 application to restore good-time credits that were lost as a result of a prison disciplinary hearing lacking due process." *Lane v. Maye*, No. 16-3287, -- F. App'x --, 2016 WL 6595904 at * 2 (10th Cir. Nov. 8, 2016) (unpublished op.) (citation omitted).  A § 2241 petition must be filed in the district where the prisoner is confined.  *Brace*, 634 F.3d at 1169.  As set forth above, Petitioner is presently confined outside this judicial district.

Precedent establishes, however, that "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n.*, 754 F.2d 887 888 (10th Cir. 1985).   Nonetheless, Petitioner's transfer deprives this Court of enforcing any "effectual relief" that might be available. Respondent, Warden Fox, is no longer Petitioner's custodian and this Court lacks jurisdiction over Petitioner's current custodian in Indiana. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *see also Gorbey v. Warden of the Federal Transfer Center*, 580 F. App'x 682, 682-83 (10th Cir. 2014) (affirming

---

[1] Petitioner does not allege that any of these disciplinary convictions occurred during his detention at the FTC and based on the alleged dates of the disciplinary hearings, it does not appear the misconducts arise from his detention at the FTC.

[2] *See Chestnut v. Fox*, Case No. CIV-16-1352-R (W.D. Okla.) (Pet. filed Nov. 28, 2016); and *Chestnut v. Fox*, Case No. CIV-16-1367-R (W.D. Okla.) (Pet. filed Nov. 30, 2016).

dismissal of § 2241 petition due to lack of jurisdiction over Kentucky custodian and inability to enforce any effectual relief and recognizing that petitioner's transfer from the FTC to a federal facility in Kentucky "did not divest [the] Court of jurisdiction over the petition, nor did it destroy the Court's jurisdiction over the FTC Warden[,] [b]ut once Petitioner was transferred, the FTC Warden became powerless to effect any relief [the] Court might order"); *Griffin v. Kastner*, 507 F. App'x 801, 802 (10th Cir. 2013) (finding claim for relief brought pursuant to § 2241 moot with no effectual relief possible where the FTC warden no longer had custody of petitioner and would be powerless to provide any relief and where petitioner was currently detained in Missouri "outside the 'district of confinement' and therefore outside the scope of the district court's habeas jurisdiction"). For this reason, the Court recommends the Petition be dismissed without prejudice.[3]

---

[3] The Court recommends dismissal rather than a transfer to the appropriate judicial district in Indiana where Petitioner is currently confined. When Petitioner filed this action, he was incarcerated in this judicial district and Warden Fox was the proper respondent. Thus, the action could not have been brought in Indiana at that time. *See* 28 U.S.C. § 1406(a) (recognizing that transfer is proper to any district or division in which the action could have been brought). Moreover, it appears that Petitioner has numerous § 2241 actions pending in the Southern District of Indiana similarly challenging multiple disciplinary convictions. *See Chestnut v. Fox*, Case No. CIV-16-1352-R, Order [Doc. No. 13] at p. 3 n. 2. Finally, Petitioner would not be prejudiced if he were required to refile this action in the proper judicial district. Petitioner is currently incarcerated within the judicial confines of the Seventh Circuit Court of Appeals. Under Seventh Circuit precedent, there is no statute of limitations for federal prisoners filing habeas petitions pursuant to 28 U.S.C. § 2241. *See Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007); *see also Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012) (accord).

**RECOMMENDATION**

It is recommended that the Petition [Doc. No. 1] be dismissed without prejudice. It is further recommended that Petitioner's Motion to Show Cause [Doc. No. 10] be denied as moot.

**NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by March 20, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 27th day of February, 2017.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE